IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WANNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:15-CV-00278-JMG-CRZ |
| ) | |
| HORMEL FOODS, INC. and UNITED ) | STIPULATED PROTECTIVE |
| FOOD & COMMERCIAL WORKERS ) | ORDER |
| LOCAL UNION NO. 293, ) | |
| ) | |
| Defendant. ) | |

Plaintiff James Wanner ("Plaintiff") and Defendants Hormel Foods Corporation ("Defendant Hormel") and United Food & Commercial Workers Local Union No. 293 ("Defendant Local No. 293") ("Defendants") (all collectively the "Parties" or separately a "Party"), by and through their respective counsel, have stipulated to the terms of this Protective Order. The Court, being fully advised of its content, and for good cause shown, hereby ORDERS:

    1.    **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order and to facilitate the exchange of information between the Parties. The Order is necessary to protect all the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information concerning all the Parties and nonparties, including, for example, but not limited to, the personnel files of current and/or former employees of Defendant Hormel; information concerning current or former union members of Defendant Local Union No. 293; or documents concerning Defendants' financial status, internal policies, personnel and operational policies, or other non-public, confidential and/or proprietary information regarding Defendants' business operations.

    The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Federal Rule of

Civil Procedure 26(c), in order to prevent and/or limit the disclosure of documents and information the Parties' appropriately deem confidential.

2. **Confidential Information.** Without waiving any objections as to the discoverability of such information, the Parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as Confidential Information. The Parties have further agreed that this shall include, but is not necessarily limited to, information relating to the following topics: confidential personal, personnel, or human resources related inf01mation of Defendant Hormel's current and former employees who are not parties to this lawsuit; confidential personal or employment related information of Defendant Local No. 293's current or former union members who are not parties to this lawsuit; confidential financial and/or net worth information regarding Defendants; confidential and non-public information regarding Defendants' business operations, internal processes and policies, personnel and operational policies, and other info1mation regarding Defendants' business operations.

3. **Designating Material as Confidential.** Any Party to this action may designate as confidential any document or discovery response produced after entry of this Order by conspicuously stamping or labeling the document or discovery response with the word 'Confidential." Any 'Confidential" indication or designation shall apply not only to the original materials, but also to all copies, excerpts, abstracts, analyses, and summaries thereof. Documents and information produced by any of the Parties shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion, except as otherwise provided in this Order. The inadvertent failure to designate material as 'Confidential" does not preclude a Party from subsequently making such a designation, and, in that case, the material (and any copy of the

material) is treated as such only after the material has been properly designated.

Parties to this action also may designate deposition testimony as Confidential Information by advising opposing counsel in writing within 30 days after receipt of a copy of the transcript, or at such other time as may be mutually agreed upon by the Parties, of the pages and lines of the deposition that the designating Party requires to be treated as confidential. All deposition transcripts shall be treated as Confidential Information until the expiration of 30 days after receipt of a copy of the transcript unless otherwise agreed to by the Parties in writing or on the record at the deposition. Any Party may, on the record at the deposition, designate deposition testimony as Confidential Information by advising all persons present that the Party believes that the portion of the deposition in question falls under the scope of this Order.

    4.    **Disclosure of Confidential Information.** Confidential Information is to be treated as such by the Party or other person receiving the material and shall be utilized by such Party or other person only for the prosecution or defense of this case and in accordance with the provisions of this Stipulated Protective Order. Except as agreed upon by the Parties, or ordered by the Court, disclosure of Confidential Inf01mation is limited to:

    (a)    the Parties (including the corporate representatives of Defendants and their respective former and/or current officers, directors, employees, and agents);

    (b)    attorneys of record in this matter, including their legal and clerical assistants and staff;

    (c)    the Court and its personnel, including court reporters, persons operating video recording equipment at depositions, any special master appointed by the Court, and members of a jury;

    (d)    any independent document reproduction services or document or video recording

and retrieval services retained for purposes related to the litigation;

(e) any expert witness or outside consultant retained or consulted by either or both of the Parties;

(g) any mediator, arbitrator, or third-party neutral to whom the dispute between the Parties may be submitted;

(h) any interviewees, potential witnesses, deponents, hearing or trial witnesses (as long as the disclosure occurs -in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness); and

(h) any other person agreed to in writing by the Parties or allowed by the Court.

Counsel for the Parties shall advise all persons to whom Confidential Information is disclosed pursuant to this paragraph of the existence of this Order, and they shall agree to be bound by this Order and to submit to the jurisdiction of this Court for purposes of enforcement of this Order, prior to sharing Confidential Inf0lmation with them.

5. **Disputes Concerning Designation(s) of Confidential Information.** In the event any Party disagrees at any stage of the proceedings with the designation of inf0lmation as "Confidential," the Party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the Party opposing the designation of the information as "Confidential" may apply for appropriate relief from the Court. The Parties shall treat the designated information as "Confidential" in accordance with this Order until the dispute is resolved.

6. **Binding Effect of This Order.** This Order is binding upon the Parties, their agents and employees, all counsel for the Patties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony is permitted pursuant to the terms of this Order.

7. **Use of Confidential Information.** All Confidential Information shall be used and disclosed solely for purposes of the prosecution, defense, and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court or another Court with jurisdiction. The Parties shall not unnecessarily disclose Confidential Information on the public record of this proceeding or in written arguments or memoranda submitted to the Court. However, the Parties shall have the right to file or deposit with the Court any Confidential Information at any time if such filing or deposit is intended in good faith to support any party's prosecution or defense of this Action, and further subject to the right of any party or its counsel to request the Court place any Confidential Information under seal, either before or after such Confidential Information has been initially filed with the Court. Nothing in this Order shall restrict the right of any Party to use Confidential Information in any hearing or trial in this case; provided, however, that the Parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of Confidential Information from unnecessary disclosure to the public.

The Parties do not waive any right to object at trial to the admissibility of any Confidential Information or the right to file a motion *in limine* regarding the use of any Confidential Inf01mation. The Parties do not waive the right to otherwise seek appropriate protection of Confidential Information, either before or after such Confidential Info1mation has been initially filed with the Court. If any Party wishes to request that any Confidential Information be placed under seal, that party shall file a separate motion seeking such Order from the Court. This Order has no effect upon a Party's use of its own Confidential Information.

The Parties shall not voluntarily produce to any person or entity, including any federal or state law enforcement or regulatory agency, or any employee thereof, any Confidential Information, unless commanded to do so by law. If any Party is requested to produce any

Confidential Information, by legal process or otherwise, the Party so requested shall notify the designating Party of such request within a reasonable time to enable the designating Party to take any actions it believes are necessary or appropriate to prevent production of the requested Confidential Information, which shall be at the sole option and shall be the sole responsibility of the designating Party. Nothing herein shall preclude any other person or entity from taking any action it believes necessary or appropriate to contest production of any Confidential Information so requested.

8.     **No Admission.** Nothing contained in this Stipulated Protective Order, nor any action taken in compliance with it, shall (i) operate as an admission or assertion by any Party that any particular material is, or is not, confidential; or (ii) prejudice in any way the right of any Party to seek a Cami determination of whether or not any particular material should or may be disclosed or, if disclosed, whether or not it should remain Confidential Information and subject to the terms of this Stipulated Protective Order. Any Party may request the Court to modify or otherwise grant relief from any provision of this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall operate as an admission or assertion by any Party that any particular material is, or is not, admissible into evidence.

9.     **Inadvertent Disclosure/Privileged Information.** To facilitate and expedite the production of material, the inadvertent disclosure by a producing Party of Confidential Information or documents that are attorney-client privileged or work product shall not constitute a specific or general or subject matter waiver of the attorney-client privilege; of any immunity, right, or privilege a Party may have under the work product doctrine; or of any other right, privilege, or immunity with respect to such Confidential Information or with respect to any other document, material, testimony, or thing related thereto.

In the event that any material that a producing Party claims to be privileged or immune from discovery has been produced, the producing Party shall, as soon as is reasonably possible after such error has been discovered, notify all receiving Parties that it asserts a claim of privilege or immunity as to the material, and request its return. In such event, (i) if no receiving Party challenges such claim of privilege or immunity by motion filed within 14 days of receiving notice from the producing Party, all copies of such material shall be returned promptly to the producing Patty, although all receiving Parties retain all rights, if any, thereafter to challenge the assertion of privilege or immunity and seek a Court Order requiring disclosure thereof, and (ii) if any receiving Party does challenge such claim of privilege by motion filed within 14 days of receiving notice from the producing Party, the receiving Parties may retain the material pending a ruling by the Court on the issue of privilege or immunity provided that such retention shall be without prejudice to the claim of privilege or immunity, and pending such ruling, such material shall not be used in discovery proceedings, disclosed to any person or entity, filed with the Court, or used in trial, without leave of Court; if the Court rules the material is privileged, or immune from discovery, the material and all copies shall then promptly be returned to the producing Party.

10.     **Return of Information.** At the conclusion of this litigation the Parties' respective counsel shall, upon written request by another Party, return within 60 days of the request all documents or materials constituting, continuing, or summarizing Confidential Information designated by another Party. If respective counsel fails to make a written request for the return of Confidential Information within 60 days of the conclusion of this litigation, their right to do so is waived, and other counsel shall destroy all Confidential Information within 120 days of the conclusion of this litigation. The Parties, however, retain the right to keep a file copy of any such

7

Confidential Information, provided the same is designated as "Confidential" and the confidentiality of the same is maintained consistent with the requirements of this Order.

11. **Agreement Survives Dismissal.** The terms of this Stipulated Protective Order shall survive the final termination of this action.

12. **Paragraph Headings and Titles.** All paragraph headings and titles herein are for convenience only. The extent any heading or title herein conflicts with the substantive terms of this Stipulated Protective Order, they shall be disregarded for purposes of construing this Stipulated Protective Order.

**IT IS SO ORDERED.**

*s/ Cheryl R. Zwart*
UNITED STATES MAGISTRATE JUDGE

DATED:  October 13, 2016